UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JORDAN MOORE,                            :
                Plaintiff,        :
                             :        **MEMORANDUM OPINION**
v.                           :        **AND ORDER**
                             :
WESTCHESTER COUNTY, SERGEANT    :        15 CV 1881 (VB)
POWERS, SERGEANT BOHLA,         :
CORRECTIONAL OFFICER MAGEE,     :
EMERGENCY RESPONSE TEAM        :
MEMBERS 1-10, CORRECT CARE      :
SOLUTIONS, LLC, NEW YORK CORRECT :
CARE SOLUTIONS MEDICAL SERVICES, :
P.C., DENTIST HAMAD SKINNER,    :
and CORRECTIONAL OFFICER PARKINSON, :
                Defendants.    :
-------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-2-16

Briccetti, J.:

      Plaintiff, who is proceeding pro se, brought this action in March 2015 under 42 U.S.C.

§ 1983, alleging defendants subjected him to excessive force, denied him adequate medical care,

and conspired to deprive him of his constitutional rights while he was a pretrial detainee at

Westchester County Jail in June 2014.

      On October 26, 2015, the Court dismissed the case without prejudice for failure to

prosecute under Fed. R. Civ. P. 41(b).

      The Court is in receipt of a letter from plaintiff dated May 23, 2016, which will be

separately docketed.  In that letter, plaintiff asks for "more time to gain counsel representation,

and to receive all legal correspondenc[e] pertaining the above matter" and "for a court date so

[he] may be produced to go on direct record and explain [his] part and contest the Defendant's

Motion."

      The Court liberally construes plaintiff's recent submission as a motion to reopen his case.

For the reasons explained below, plaintiff's motion is DENIED.

## DISCUSSION

I.    Background

Plaintiff filed this action on March 10, 2015, while incarcerated at Franklin Correctional Facility ("Franklin").  (Doc. #2).

By letter dated March 12, 2015, plaintiff informed the Court that he was being transferred from Franklin to Bare Hill Correctional Facility ("Bare Hill").  (Doc. #4).

On March 26, 2016, the Court granted plaintiff's request to proceed in forma pauperis.  In that Order, the Court wrote, "it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so." (Doc. #5).  According to the public docket, that Order was mailed to plaintiff at Bare Hill the same day.

On April 2, 2015, the Court issued an Order of Service, in which it again instructed plaintiff that it was his "obligation to promptly submit a written notification to the Court if plaintiff's address changes, and the Court may dismiss the action if plaintiff fails to do so." (Doc. #7).  According to the public docket, that Order was also mailed to plaintiff on the day it was issued.

By letter dated April 22, 2015, plaintiff informed the Court that he was "going home" on May 1, 2015, but did not provide an updated address where he could be reached.  (Doc. #8). This was the last substantive correspondence received from plaintiff until the Court received the most recent, May 23, 2016, correspondence.

According to the New York State Department of Corrections and Community Supervision inmate lookup website, plaintiff was released from Bare Hill on May 1, 2015.

On July 15, 2015, defendants Correct Care Solutions, LLC, New York Correct Care Solutions Medical Services, P.C., and Hamad Skinner filed a motion to dismiss the complaint, which was served by U.S. mail to plaintiff at two addresses: (i) Bare Hill, and (ii) 18 Coyle Place, 1B, Yonkers, New York 10705, plaintiff's last known address.  (Doc. #25).

On July 23, 2015, defendants Bohla, MaGee, Parkinson, Powers, and Westchester County answered the complaint.  (Doc. #26).

On August 26, 2015, having received no response to the motion to dismiss or other correspondence from plaintiff, the Court issued an Order stating that it had confirmed that plaintiff was released from Bare Hill, but that plaintiff had not updated his address.  Accordingly, the Court said the action would be dismissed according to Fed. R. Civ. P. 41(b) "unless, on or before September 25, 2015, plaintiff either (i) file[d] a notice of change of address with the Court, or (ii) otherwise show[ed] cause in writing why the case should not be deemed abandoned and dismissed for lack of prosecution."  (Doc. #27).  That Order was also mailed to plaintiff at both Bare Hill and the Yonkers address.

On October 26, 2015, the Court entered an Order dismissing the case without prejudice under Rule 41(b).  (Doc. #28).

In his May 23, 2016, letter, plaintiff informed the Court for the first time that he is currently incarcerated at Westchester County Jail.  Although plaintiff says in his letter that he was "recently incarcerated," according to the Westchester County Jail inmate lookup website, he has been there August 21, 2015.

II.    Plaintiff's Failure to Prosecute

In considering whether to reopen a case that has been dismissed under under Fed. R. Civ. P. 41(b), a district court must weigh five factors: "'(1) the duration of the plaintiff's failure to

comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). See also Adams v. Yolen, 513 Fed. Appx. 64 (2d Cir. 2013) (summary order) (applying these factors to a motion to reopen a case dismissed under Rule 41(b)).

The Court finds all five factors are met here.

The first factor consists of two parts, "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 255 (2d Cir. 2004). Here, the failures to prosecute are clearly those of the plaintiff. Plaintiff has failed to file any document, whether a notice of change of address or substantive pleading, since April 22, 2015. Thus, plaintiff has not indicated an intent to prosecute his case for over a year. This is despite the fact that plaintiff appears to have been out of jail for the period from May 1, 2015, to August 21, 2015, during which time defendants Correct Care Solutions, LLC, New York Correct Care Solutions Medical Services, P.C., and Hamad Skinner filed their motion to dismiss, and defendants Bohla, MaGee, Parkinson, Powers, Westchester County answered the complaint. At the very least, plaintiff could have – and should have – checked the public docket or otherwise inquired about his case during that time and sent an address update to the Court.

Second, plaintiff was, at a minimum, served with the Court's March 26, 2015, and April 2, 2015, Orders when he was at Bare Hill. Those Orders unambiguously informed him of his

4

requirement to update his address when appropriate and that "the Court may dismiss the action if plaintiff fails to do so." (Docs. ##5, 7). Moreover, plaintiff did update the Court when he was transferred from Franklin to Bare Hill, and again when he learned he was going to be released from Bare Hill, which shows he knew (i) how to update the Court when his address changed, and (ii) another update was required when he was re-incarcerated at Westchester County Jail over nine months ago.

Third, because the delay caused by plaintiff was lengthy and inexcusable, the Court concludes that allowing the case to be reopened at this point, more than seven months after it was closed, would be unfair and prejudicial to defendants. See Adams v. Yolen, 513 Fed. Appx. at 66 ("Presum[ing]" prejudice to defendants where the delay was long and inexcusable.").

Fourth, the Court's interest in managing its docket is high as compared with the plaintiff's interests here. This is particularly true because plaintiff has not presented an adequate excuse for his failure to prosecute, and has therefore not shown any great interest in having his case continue. In his May 24, 2016 letter, plaintiff writes, "it appears that the [defendants'] attorney did not have any knowledge that [plaintiff] was recently incarcerated" at Westchester County Jail. In fact, plaintiff's incarceration at the Westchester County Jail is not recent – he has been there since August 21, 2015. Furthermore, plaintiff never updated his address on the Court docket, which means it is plaintiff's fault that defense counsel did not know plaintiff was again incarcerated.

Finally, the Court has considered whether there is another sanction that would be appropriate here and less drastic than dismissal, and has determined there is none.

As a result, dismissal for failure to prosecute was warranted here, and the Court sees no valid reason to reopen the case at this time. See, e.g., Livecchi v. U.S. Dept. of Housing and

<u>Urban Development</u>, 153 Fed. Appx. 16, 17 (2d Cir. 2005) (summary order) (Finding that "[e]ven according [plaintiff] the special consideration afforded to <u>pro se</u> litigants," the district court did not abuse its discretion in dismissing the case for failure to prosecute where plaintiff "did not pursue his claim for over a year and gave no adequate excuse for his inactivity," and where the court "provided [plaintiff] with specific instructions for complying, and gave adequate warning that failure to comply could result in dismissal.").

## CONCLUSION

Accordingly, plaintiff's motion to reopen the case is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for the purpose of an appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

Dated: June 2, 2016
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge